# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DONALD L. PEGGS JR.,**
**Claimant Below, Petitioner**

**FILED**
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1728** (BOR Appeal No. 2046062)
(Claim No. 2006038216)

**CARTER ROAG COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Donald L. Peggs Jr., by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Carter Roag Coal Company, by George E. Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 29, 2011, in which the Board affirmed a June 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 28, 2010, decision denying authorization for a neurological consultation, and affirmed the claims administrator's August 6, 2010, decision denying a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Peggs was injured while working for Carter Roag Coal Company on April 26, 2006. On July 28, 2010, the claims administrator denied a request for authorization of a neurosurgical consultation. On August 6, 2010, the claims administrator denied a request to reopen the claim for temporary total disability benefits.

The Office of Judges reversed the claims administrator's July 28, 2010, decision, and granted a neurosurgical consultation. The Office of Judges affirmed the claims administrator's August 6, 2010, decision, and held that the evidence did not demonstrate that the claim should be

1

reopened on a temporary total disability benefits basis. Mr. Peggs appeals only as to the denial of the request to reopen the claim. On appeal, Mr. Peggs argues that Dr. Kim certified that he was temporarily and totally disabled from April 7, 2010, through June 17, 2010, related that disability to the compensable injury, and thus, the claim should be reopened for temporary total disability benefits. Carter Roag Coal Company maintains that the evidence did not demonstrate that there had been a progression or aggravation of the compensable injury.

The Office of Judges held that there was insufficient evidence to reopen the claim for additional temporary total disability benefits. It noted that the requests to reopen the claim did not include a determination that there was an aggravation or progression of the compensable injury. It further noted that Dr. Dauphin found that there had been no treatment in the claim for several years and that the current complaints were not due to the compensable injury. Finally, the Office of Judges noted that Dr. Miele opined that if Mr. Peggs had prior problems with his neck, that it would be less likely that the current complaint is related to the compensable injury, as compared to if the compensable injury was the only incident relating to his neck. It noted that the record demonstrates there was a cervical and lumbar strain in 2005, requiring Mr. Peggs to be off work. The Office of Judges concluded that the evidence did not demonstrate that the claim should be reopened for temporary total disability benefits. The Board of Review reached the same reasoned conclusions in its decision of November 29, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

2